(C. D. 188)

NEUMANN-ENDLER, INC. *v.* UNITED STATES (MAJESTIC FORWARDING & SHIPPING CO., PARTY IN INTEREST)

United States Customs Court, First Division

(Decided June 30, 1939)

*Lamb & Lerch* (*John G. Lerch* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Marcus Higginbotham, Jr.,* and *Joseph F. Donohue,* special attorneys, and *Francis X. O'Donnell,* junior attorney), for the defendant.

*John R. Rafter* for party in interest.

*Black Varian & Simon* filed a brief as *amici curiae.*

Before McClelland, Sullivan, and Brown, Judges; Brown, J., concurring

McClelland, Presiding Judge: This case is before us on remand from the Court of Customs and Patent Appeals, the decision of which court is reported in *Neumann-Endler, Inc. v. United States (Majestic Forwarding & Shipping Co. appearing as parties in interest),* 27 C. C. P. A. —, C. A. D. 61, suit 4208, decided May 29, 1939.

The action was instituted by a domestic manufacturer under the provisions of section 516 of the Tariff Act of 1930 with the evident purpose on the part of the plaintiff to demonstrate that too low a rate of duty was being assessed on certain wool hat bodies. The protest followed certain preliminary steps required under said section as bases for the filing of such protest.

These preliminary steps were: (1) The Secretary of the Treasury furnished upon request of the plaintiff, an American manufacturer of

wool felt hat bodies, the classification and rate of duty imposed upon merchandise of the kind produced by it. (2) The plaintiff, believing that the proper rate of duty was not being assessed thereon, filed a complaint with the Secretary, setting forth a description of the merchandise and the classification and rate of duty it believed proper and the reasons for that belief. (3) The Secretary decided that the classification, and rate of duty being assessed, were correct and so informed the plaintiff. (4) Being dissatisfied with the decision of the Secretary, the plaintiff filed a notice with him that it desired to protest the classification or rate of duty imposed on the merchandise, and upon receipt of such notice the Secretary furnished the plaintiff with such information as to the entries and consignees of such merchandise as enabled it to protest such classification and rate of duty.

The protest is in the following form:

September 8, 1936.

COLLECTOR OF CUSTOMS,
   New York, N. Y.

SIR: Under the provisions of section 516 of the tariff act of 1930, we hereby protest your decision classifying an importation of wool hoods by the Majestic Shipping & Forwarding Co., 21 Pearl St., New York, N. Y., as nominal consignees, and the Lenci Import Ltd., 101 West 37th St., New York, N. Y., described as the ultimate consignees, the particulars of which are set forth below as—

Bodies, hoods, forms, and shapes for hats, bonnets, caps, berets, and similar articles, manufactured wholly or in part of wool felt,

under paragraph 1115 (b) of the tariff act of 1930 and assessing duty thereon at the rates of 40 cents per pound and 55 per centum *ad valorem*, under said paragraph as modified by Treasury Decision 44715:

| Entry No. | Vessel | Date of arrival | Date of liquidation |
|---|---|---|---|
| 713784 | S. S. Rex | Aug. 3, 1936 | Aug. 20, 1936 |

Specific reference to this importation was made by you in your communication to us of August 21, 1936 (5D PSJ/wne).

Our objection to your action is based upon the contention that said wool hoods or other articles mentioned in paragraph 1115 (b) of the tariff act of 1930 are dutiable at the higher rates provided for in said paragraph. More specifically, in addition to being dutiable at the rates above mentioned, said articles are subject to the additional rate of 12½ cents per article under the provisions of Treasury Decision 44715, modifying paragraph 1115 (b) of the tariff act of 1930. The pertinent provisions of the law are as follows:

Bodies, hoods, forms, and shapes, for hats, bonnets, caps, berets, and similar articles, manufactured wholly or in part of wool felt, * * * if pulled, stamped, blocked, or trimmed (including finished hats, bonnets, caps, berets, and similar articles) * * *.

Respectfully,

NEUMANN-ENDLER, INC.,
*American Manufacturer, Producer*
   *or Wholesaler, Danbury, Conn.*
By KURT L. NEUMANN, *Sec'y*.

In *Cohn & Lewis* v. *United States*, 25 C. C. P. A. 220, T. D. 49335, it was held by the Court of Customs and Patent Appeals that similar hat bodies were not in fact made from wool felt and were not therefore dutiable as assessed, namely at 40 cents per pound and 55 per centum ad valorem under paragraph 1115 (b) but were subject to duty at the rate of 33 cents per pound and 45 per centum ad valorem under the provision in paragraph 1115 (a) for articles of wearing apparel wholly or in chief value of wool.

From the trend of the record it is evident that in view of the conclusion reached by the Court of Customs and Patent Appeals in the *Cohn & Lewis* case, *supra*, plaintiff deemed it necessary, and we think wisely, in order to establish its claim for the added duty of 12½ cents per article provided for in paragraph 1115 (b) as amended, *supra*, to establish if it could by evidence that notwithstanding the conclusion reached by the Court of Customs and Patent Appeals on the record presented to it in the *Cohn & Lewis* case, *supra*, the hat bodies in issue were in fact manufactured of wool felt and therefore were subject to the higher rate of duty provided in paragraph 1115 (b), as classified by the collector, and further that by reason of the added processes to which they had been subjected, namely, pulling and blocking, they were subject to the added duty of 12½ cents per article.

Plaintiff's evident purpose was, therefore, to retry the issue that had been settled in the *Cohn & Lewis* case, and it is at once apparent that if it did not succeed in so establishing by competent proof on a fuller record that the hat bodies in issue were made of wool felt there could be no basis for sustaining its claim for the added duty of 12½ cents per article.

Beyond this statement it is unnecessary for this court to go, as under the remand of the appellate court we are limited to making findings in harmony with the views expressed by that court and, therefore, regardless of our individual views in the premises, we find, in accordance with the appellate court's direction, that the hat bodies in issue were not pulled, stamped, blocked, or trimmed, within the meaning of those terms as used in paragraph 1115 (b), *supra*, and therefore conclude that the plaintiff has not sustained the claim made in the protest that the hats in issue were subject to the additional duty of 12½ cents per article.

The protest is therefore overruled. Judgment will issue accordingly.

### CONCURRING OPINION

BROWN, Judge: I concur in the conclusions reached in the majority opinion for the reasons fully stated in my concurring opinion in C. D. 43 and repeat the same findings made therein.